IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>**BRADFORD A. THORP and CINDY L. THORP**<br><br>     Plaintiffs-Appellants,<br><br>vs.<br><br>**JEREMY GUGINO, Trustee, and MOUNTAIN WEST BANK,**<br><br>     Defendants-Respondents. | BK Case No. 08-01085-JPD<br><br>USDC Case No.<br>1:09‑CV‑00026‑EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

  Bradford and Cindy Thorp, debtors in chapter 7 bankruptcy, appeal the bankruptcy court's decision sustaining objections to and disallowing the Thorps' claim of a homestead exemption.  The court affirms.

**I.**

  The underlying facts in this case are undisputed.  On June 9, 2008, the Thorps filed a chapter 7 bankruptcy petition and claimed a homestead exemption on unimproved property located on West Sagwon Drive in Kuna, Idaho (the "Sagwon Drive Property").  The Thorps own the Sagwon Drive Property, but have never occupied that property as a residence.

At the time they filed their bankruptcy petition, the Thorps lived in and owned a house located on North Locust Grove in Kuna (the "Locust Grove Property"). The Locust Grove Property was subject to two secured claims held by First Horizon Loan Corporation. When the Thorps filed their petition, they had entered a contract for a "short sale"[1] of the Locust Grove Property. Ultimately, that sale did not close because the buyer could not secure financing for the purchase. The bankruptcy court subsequently entered an order lifting the automatic stay on the Locust Grove Property thereby allowing First Horizon to foreclose on that property.

On May 20, 2008, just before they filed their bankruptcy petition, the Thorps recorded with the Ada County Recorder a document titled "Declaration of Homestead," in which the Thorps claimed a homestead in the Sagwon Drive Property. This Declaration of Homestead provides:

**DECLARATION OF HOMESTEAD**
(IDAHO CODE SECTION 55-1004)

>KNOWN ALL MEN BY THESE PRESENTS That I, BRADFORD A. THORP and I, CINDY L. THORP, of Boise, County of Ada, State of Idaho, do hereby certify and declare that we are now married and that we claim as a Homestead the following real property:
>
>>Lot 11, Block 5, Denali Heights Subdivision, according to the official plat thereof filed in Book 96 of Plats at pages 11856 through 11858, records of Ada County, Idaho, also known as 526 W. Sagwon Drive, Kuna, Idaho 83634
>
>>That it is our intention to use and claim the said premises above described, together with the dwelling house thereon and its appurtenances, as a Homestead, and we do hereby select and claim the same as a Homestead.

Docket No. 6-8.

---

[1] A "short sale" of real property is a sale in which the proceeds from the sale fall short of what the owner still owes on the mortgage(s), claims, or debts secured by the property.

MEMORANDUM DECISION AND ORDER 2

On July 3, 2008, Mountain West Bank filed an objection to the homestead exemption claimed by the Thorps.  On July 14, 2008, the Thorps recorded with the Ada County Recorder a document titled "Amended Declaration of Homestead," in which the Thorps claimed a homestead in the Sagwon Drive Property and declared an intent to abandon any homestead in the Locust Grove Property.  The Amended Declaration of Homestead provides:

> **AMENDED DECLARATION OF HOMESTEAD**
> (IDAHO CODE SECTION 55-1004)
>
> KNOWN ALL MEN BY THESE PRESENTS That I, BRADFORD A. THORP and I, CINDY L. THORP, of Boise, County of Ada, State of Idaho, do hereby certify and declare that we are now married and that we claim as a Homestead the following real property:
>
> > Lot 11, Block 5, Denali Heights Subdivision, according to the official plat thereof filed in Book 96 of Plats at pages 11856 through 11858, records of Ada County, Idaho, also known as 526 W. Sagwon Drive, Kuna, Idaho 83634
>
> That it is our intention to use and claim the said premises above described, which we believe has an actual cash value of $72,500.00, and its appurtenances, as a Homestead, and we do hereby select and claim the same as a Homestead.
>
> We do hereby ABANDON any homestead rights we have in 170 N. Locust Grove, Kuna, Idaho, described on the attachment hereto.  Such property has no equity over and above the liens thereon and the undersigned state that it no longer constitutes any homestead.  The abandonment is effective immediately.

Docket No. 6-8.

On August 10, 2008, chapter 7 Trustee Jeremy Gugino filed an objection to the Thorps' claim of homestead exemption.  The bankruptcy court sustained the objections of the trustee and Mountain West and disallowed the Thorps' claim of homestead exemption in the Sagwon Drive Property.  The Thorps appeal.

MEMORANDUM DECISION AND ORDER 3

**II.**

A.   <u>The Trustee has standing to object to the Thorps' claim of a homestead exemption</u>.

The Thorps argue that the trustee does not have standing to object to their claim of homestead objection.[2]  The court disagrees.

"The commencement of a [bankruptcy case] creates an estate" that includes all legal and equitable interests in property possessed by the debtor at the time of filing, "as well as those interests recovered or recoverable through transfer and lien avoidance provisions."  11 U.S.C. § 541; *Owen v. Owen*, 500 U.S. 305, 308 (1991).  "An exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor."  *Owen*, 500 U.S. at 308.

A debtor may exempt from the estate the property specified under the federal statutory exemption scheme or the applicable state statutory exemption scheme.  *See* 11 U.S.C. § 522(b); *Owen*, 500 U.S. at 308.  To claim property as exempt, a debtor must file a list of property the debtor claims as exempt and "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt."  11 U.S.C. § 522(*l*); *see* Fed. R. Bankr. P. 4003(a) (requiring debtor to list property claimed as exempt); Fed. R. Bankr. P. 4003(b) (providing that a "party in interest" may file an objection to the list of property claimed by debtor as exempt).  Thus, a "party in interest" may object to the Thorps' claim of a homestead exemption.

Under 11 U.S.C. § 323, the trustee is "the representative of the estate," with the "capacity to sue and be sued."  11 U.S.C. § 323(a), (b).  As the representative of the estate, the trustee is

---

[2] The Thorps also claim that Mountain West does not have standing to object to the homestead exemption, but neither the Thorps nor Mountain West have presented any argument on Mountain West's standing.  The court will therefore address only whether the trustee has standing.

MEMORANDUM DECISION AND ORDER 4

required to, among other things, "collect and reduce to money the property of the estate." 11 U.S.C. § 704(a)(1).  Fulfilling the duty to collect property of the estate necessarily involves a determination of what property is exempt and therefore not property of the estate.

The court holds that the trustee, as a representative of the estate and possessing the duty to "collect and reduce to money the property of the estate," is a "party in interest" with authority to file objections to exemptions claimed by a debtor.  *See* 11 U.S.C. § 522(*l*); Fed. R. Bankr. P. 4003(b)(1); *Bell v. Bell (In re Bell)*, 225 F.3d 203, 221 (2nd Cir. 2000); *Edmonston v. Murphy (In re Edmonston)*, 107 F.3d 74, 76-77 (1st Cir. 1997); *Matter of Kazi*, 985 F.2d 318, 320 (7th Cir. 1993); *First Nat'l Bank v. Norris*, 701 F.2d 902, 904 (11th Cir. 1983).

In so holding, the court recognizes that the Ninth Circuit held in *Michael v. Martinson (In re Michael I)*, 49 F.3d 499 (9th Cir. 1995), that the trustee could not use his "strong arm powers" under 11 U.S.C. § 544(a) to challenge a debtor's homestead exemption.  *See id.* at 501-02.  The Ninth Circuit did not address, however, whether the trustee, as representative of the estate with the duty to "collect and reduce to money" the property of the estate, is a "party in interest" under § 522(*l*) with authority to file objections to exemptions claimed by a debtor.[3]  *See id.*; *see also Norris*, 701 F.2d at 904 ("In objecting to the claimed exemptions, however, the trustee was not using the avoidance powers of section 544 but was acting as the 'representative of the estate'

---

[3] The court finds the decision of *Neilson v. Chang (In re First T.D. & Invest. Inc.)*, 253 F.3d 520 (9th Cir. 2001), to be inapposite.  In that case, the Ninth Circuit addressed a trustee's power to invoke the "judicial lien" provision of the strong arm clause, 11 U.S.C. § 544(a)(1), to take priority over or avoid various security interests.  *See In re First T.D. & Invest. Inc.*, 253 F.3d at 523.  In contrast, in the present case, the trustee is seeking to avoid an interest—an exemption—in the debtors' property claimed not by a creditor, but instead by the debtors themselves.  The language of § 544(a) simply does not provide the trustee with such authority. *See* 11 U.S.C. § 544(a).

MEMORANDUM DECISION AND ORDER 5

under 11 U.S.C.A. § 323 . . . ."); *cf. In re Howe*, 232 B.R. 534, 537 (B.A.P. 1st Cir. 1999) (holding that § 544(a) is inapplicable to determination of whether debtor is entitled to exemption because the exemption of property "does not constitute a 'transfer' for the purposes of § 544(a)"), *aff'd*, 193 F.3d 60 (1st Cir. 1999).

B.   <u>The Thorps are not entitled to a homestead exemption in the Sagwon Drive Property</u>.

Idaho law governs the determination of the Thorps' homestead exemption. *See White v. Stump*, 266 U.S. 310, 311 (1924); *Matter of Paderewski*, 564 F.2d 1353, 1359 (9th Cir. 1977). The conditions and circumstances existing on the date the Thorps filed their bankruptcy petition control the determination of the Thorps' right to claim a homestead exemption. *See White*, 266 U.S. at 313. Where, as here, the relevant declaration of homestead is recorded after the petition in bankruptcy is filed, the proper inquiry is whether, under Idaho law, a declaration of homestead would be effective against a creditor to prevent a judicial sale of the property if made and recorded after levy but before sale thereunder; "[i]f it would, it must be equally effective as against the trustee, whose rights rise no higher than those of the supposed creditor and attach at the date of the inception of bankruptcy." *Myers v. Matley*, 318 U.S. 622, 627-28 (1943); *see Arkinson v. Gitts (In re Gitts)*, 116 B.R. 174, 180 (B.A.P. 9th Cir. 1990) (holding that because the debtors had the right, under state law (Washington), to create a valid homestead exemption up to the date of an execution sale, the debtors' post-petition declarations were sufficient to create a homestead exemption that was valid against the trustee).

Under Idaho law, a "homestead" is defined as

the dwelling house or the mobile home in which the owner resides or intends to reside, with appurtenant buildings, and the land on which the same are situated and by which the same are surrounded, or improved; or unimproved land owned with the intention of placing a house or mobile home thereon and residing thereon.

MEMORANDUM DECISION AND ORDER 6

I.C. § 55-1001(2).  Such property "constitutes a homestead and is automatically protected" by the homestead exemption "from and after the time the property is occupied as a principal residence by the owner or, if the homestead is unimproved or improved land that is not yet occupied as a homestead, from and after the [required] declaration or declarations" are recorded.  I.C. § 55-1004(1).

If an owner "selects a homestead from unimproved or improved land that is not yet occupied as a homestead," he or she must execute and record a declaration of homestead and, "if the owner also owns another parcel of property on which the owner presently resides or in which the owner claims a homestead, the owner must also execute [and record] a declaration of abandonment of homestead on that other property."  I.C. § 55-1004(2).

It is undisputed that, at the time they filed their bankruptcy petition, the Thorps owned and occupied the Locust Grove Property.  Thus, under Idaho law, an automatic homestead arose in that property.  *See* I.C. § 55-1004(1).

The Thorps specifically disclaim that they have a homestead in the Locust Grove Property, and claim, instead, that they have a homestead in the Sagwon Drive Property.  The court will address in turn each of the arguments the Thorps raise in support of their claim.

    1.    <u>The Thorps had a homestead in the Locust Grove Property at the time they filed their petition</u>.

The Thorps argue that, at the time they filed their bankruptcy petition, they did not have a homestead in the Locust Grove Property because (1) the property was worth less than the debts secured by the property, and (2) the property was the subject of a contract for a short sale.  In other words, they argue that any "homestead" in the property they were living in vanished once

the secured debt on the property exceeded the value of the property and/or they entered into a contract for the sale of the property. The court disagrees.

First, Idaho's homestead law does not require that property claimed as a homestead have a value that exceeds the debt secured by that property. *See, e.g.,* I.C. §§ 55-1001, 55-1004. To the contrary, a homestead in property is created simply by an owner either occupying the property as his or her residence or filing the required declarations; the net value of the property is not relevant. *See* I.C. § 55-1004(1), (2).

Second, although a change in the ownership of the Locust Grover Property, whether by grant, conveyance, or some other means, would have extinguished the Thorps' homestead in that property, *see* I.C. § 55-1001(1) (requiring that the property be "owned" by individual claiming homestead), the Thorps' mere execution of an agreement to sell the Locust Grove Property did not.

    2.    <u>The Declaration of Homestead, recorded prior to the filing of the petition in bankruptcy, was fatally deficient</u>.

The Thorps argue that the bankruptcy court erred in holding that the Declaration of Homestead was fatally deficient and thus did not create a homestead in the Sagwon Drive Property. The court disagrees and holds that the bankruptcy court correctly found the Declaration of Homestead to be deficient.

As the bankruptcy court found, the Declaration of Homestead was insufficient to create a homestead in the Sagwon Drive Property for two reasons: (a) it did not contain an estimate of actual cash value of the premises claimed as exempt and (b) it did not include, either as a separate document or as part of the same document, a declaration of abandonment of the automatic homestead that arose on the Locust Grove Property.

          a.        <u>Failure to Include Estimate of Actual Cash Value</u>.

As the Thorps correctly point out, homestead laws are to be construed liberally in favor of the debtor. *See Kiesel v. Clemens*, 56 P. 84, 84 (Idaho 1899); *Coughanour v. Hoffman's Estate*, 13 P. 231, 231 (Idaho 1887). Under this liberal construction, "[a]ny ambiguities in a homestead statute must be liberally construed in favor of the debtor." 40 Am. Jur. 2d Homestead § 10 (West 2009); *see Matter of Bowman's Estate*, 609 P.2d 663, 667 (Idaho 1980) (citing 40 Am. Jur. 2d Homestead § 11)  The liberal construction cannot, however, be used to interpret the homestead laws in a way that contradicts "the plain and unambiguous language of the statute." 40 Am. Jur. 2d Homestead § 10. Thus, if the statutory requirements for a declaration of homestead are clear, substantial compliance with those requirements is necessary before a homestead will be created. *See Mellen v. McMannis*, 75 P. 98, 99-100 (Idaho 1904); *Burbank v. Kirby*, 55 P. 295, 296 (Idaho 1898).

For example, in *Mellen*, the homestead statute in effect at the time required a declaration of homestead to contain, among other things, "a statement showing that the person making it is the head of a family." *Mellen*, 75 P. at 99. The declaration at issue in the case contained probative facts from which it could be found that the debtor was the head of a family, but did not contain a *statement* that he was the head of a family. *Id.*  The Idaho Supreme Court held that the declaration was sufficient to create a homestead: "[I]f a homestead declaration contains a statement of sufficient facts to warrant the conclusion that the person making it is the head of a family, it is sufficient, and is a substantial compliance with the provisions of [the statutory requirement] in that regard." *Id.*

MEMORANDUM DECISION AND ORDER 9

In *Burbank*, the homestead statute in effect at the time required that the declaration of homestead be "execute[d] and acknowledge[d] in the same manner as a conveyance of real property is acknowledged . . . ." *Burbank*, 55 P. at 296. The declaration of homestead at issue in the case was not acknowledged as required by the statute. *Id.* The Idaho Supreme Court held that because the debtor had not substantially complied with the statutory requirement for acknowledgment, the declaration did not create a homestead. *See id.*

The current statutory requirements for a declaration of homestead in Idaho are set forth in I.C. § 55-1004, which requires a declaration of homestead to contain:

> (a) A statement that the person making it is residing on the premises or intends to reside thereon and claims the premises as a homestead;
>
> (b) A legal description of the premises; and
>
> (c) An estimate of the premises actual cash value.

I.C. § 55-1004(3).

The statutory requirement that a declaration of homestead include an estimate of the cash value of the premises claimed as a homestead is clear and unambiguous, and there is, therefore, no "construction"—liberal or otherwise—necessary. The Thorps' Declaration of Homestead did not include an estimate of the actual cash value of the property, nor did it contain facts from which a finding of the actual cash value of the property could be made. The Declaration of Homestead did not, therefore, substantially comply with the statutory requirement for declaring a homestead. *See Mellen*, 75 P. at 99; *Burbank*, 55 P. at 296. Accordingly, the court holds that the Declaration of Homestead was insufficient to create a homestead in the Sagwon Drive Property.

       b.      <u>Failure to Record Declaration of Abandonment</u>.

A property owner who owns property on which he or she resides can create a homestead in property that he or she owns but does not yet occupy by fulfilling two requirements: (1) execute and record a declaration of homestead on the property the owner does not yet occupy, and (2) execute and record a declaration of abandonment of homestead on the property on which the owner currently resides. I.C. § 55-1004(2).

It is undisputed that, at the time they filed their bankruptcy petition, the Thorps owned and resided on the Locust Grove Property. Thus, to create a homestead in the Sagwon Drive Property, the Thorps were required to record not only a sufficient declaration of homestead on that property, but also a declaration of abandonment of homestead on the Locust Grove Property. *See* I.C. § 55-1004(2). At the time they filed their bankruptcy petition, the Thorps had not recorded a declaration of abandonment of homestead for the Locust Grove Property. Thus, for this additional reason, the Thorps did not have a homestead in the Sagwon Drive Property. *See* I.C. § 55-1004(1), (2).

      3.      <u>The Amended Declaration of Homestead does not relate back to the date of the filing of the original Declaration of Homestead</u>.

The Thorps argue that the Amended Declaration of Homestead,[4] which the Thorps did not record until *after* they filed their bankruptcy petition, relates back to the pre-petition date on which they recorded their Declaration of Homestead. The court disagrees.

---

[4] It is unclear whether Idaho law requires that the declaration of homestead and the declaration of abandonment of homestead be contained in two separate documents. *See* I.C. § 55-1004(1), (2). The court need not resolve that issue and instead assumes that the two declarations may be contained in a single document.

MEMORANDUM DECISION AND ORDER 11

In *Burbank*, the Idaho Supreme Court rejected the notion that reformation to correct an error in a declaration of homestead can relate back to the date the defective declaration of homestead was recorded. *See Burbank*, 55 P. at 296 (rejecting the debtor's argument that a declaration of homestead should be reformed because the defect was the result of oversight on the part of the notary, and that the reformation should relate back to the time the declaration was recorded). This is consistent with the U.S. Supreme Court's holding in *White* that the conditions and circumstances existing on the date a debtor files the bankruptcy petition control the determination of the right to claim a homestead exemption. *See White*, 266 U.S. at 311, 313.

The Thorps attempt to distinguish *Burbank*, arguing that in that case, a judgment lien was recorded while the debtors had only a deficient declaration of homestead and, in contrast, here there was no judgment or other lien recorded on the property prior to the date that they filed their Amended Declaration of Homestead. This argument ignores the holding in *White* that the existence of a homestead is to be determined as of the date on which the petition was filed. *See White*, 266 U.S. at 313.

Further, although *Burbank* did recognize that the debtors could have, prior to the recording of the judgment lien, either recorded a new and proper declaration or fixed the defect in the previously recorded declaration, the case does not stand for the proposition that an amendment to a declaration will relate back to the date the defective declaration was recorded. *See Burbank*, 55 P.2d at 296. To the contrary, the case demonstrates the opposite—that amendments to fix a defective declaration *do not* relate back to the date the defective declaration was filed, and the amended declaration is effective only against claims made *after* the amended declaration was recorded. *See id.* This conclusion is further supported by the statutory language

providing that property upon which a debtor does not reside will constitute a homestead "from and after the [required] declaration or declarations" are recorded. I.C. § 55-1004(1). The court has located no statutory or other authority allowing a declaration of homestead, or an amendment to a declaration, to relate back in time to a date prior to the date it is recorded.

The Thorps' reliance on the *In re Michael* series of cases is misplaced. In *In re Michael I*, 49 F.3d 499, the Ninth Circuit was examining a debtor's right to a homestead exemption under Montana law. *Id.* at 501. The debtors in that case failed to list the exemption on their bankruptcy schedules, and did not seek to amend their schedules to claim the exemption until more than a year after filing their bankruptcy petition. *See id.* at 502. Because the issue had not been addressed by the bankruptcy court, the Ninth Circuit remanded for a determination of whether the debtors could amend their *bankruptcy schedules*. *Id.* On appeal after remand, the Ninth Circuit held that, under the circumstances of the case, the debtors could amend their *bankruptcy schedules* to claim the exemption. *See Michael v. Martinson (In re Michael II)*, 163 F.3d 526, 529 (9th Cir. 1998). The circuit, citing law of the case, declined to address whether the debtors could claim a homestead exemption based on a declaration of homestead recorded after the date of their bankruptcy petition. *Id.* at 529; *see In re Michael I*, 49 F.3d at 500-02 (holding that the trustee did not have *standing* under the bona fide purchaser provision of the strong arm statute to object to the debtors' claim of a homestead exemption).

The holding in *In re Michael II*—that the debtors could amend their *bankruptcy schedules* more than a year after they filed their bankruptcy petition—provides no support or authority for the Thorps' argument that their Amended Declaration of Homestead, recorded post-

MEMORANDUM DECISION AND ORDER 13

petition, should relate back to the pre-petition date on which they recorded their Declaration of Homestead.

### III.

The bankruptcy court's order sustaining the objections to the Thorps' homestead exemption and disallowing the exemption is AFFIRMED.

DATED: **August 12, 2009**

~~Honora~~ble Edward J. Lodge
U. S. District Judge